In the Matter of the Claim of MARY WEISS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1975, which

affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding the claimant ineligible to receive benefits effective December 5, 1974 because she was not available for employment and denying claimant's application for approval of vocational training pursuant to section 599 of the Unemployment Insurance Law. Claimant earned a Bachelor's degree from Ohio State in 1969 with a minor in fashion retailing. She had been employed from July, 1970 to September 6, 1974 as a sales and department manager in charge of ladies' accessories at a Macy's department store. She sustained a back injury during the performance of her work and she was advised by her doctor to obtain employment which would require no physical labor. She applied to the Office of Vocational Rehabilitation of the New York State Education Department (OVR) and was placed in a two-year vocational retraining program at Hofstra University which will lead to a Master's degree and certification as a rehabilitation counselor. Relying upon section 599 of the Unemployment Insurance Law, claimant applied for but was denied benefits. The referee determined that the training program claimant is attending is not vocational, rather that she is pursuing a course which is professional in nature. Claimant was also found to have been unavailable for employment for a period of time. She does not argue on this appeal that she was in fact available for employment and entitled to benefits by virtue of section 599. The mere fact that claimant's attendance at Hofstra University is being sponsored by OVR does not make it compulsory upon the Commissioner to approve the program she is following. Section 599 provides that the Commissioner, in determining whether approval will be given to a "vocational training course, or a course in basic education skills needed * * * as a prerequisite therefor", shall give due consideration to various factors among which is whether the training course relates to an occupation or skill for which there are, or are expected to be in the immediate future, reasonable employment opportunities in the State. It would not seem that a protracted training program such as the two-year course involved herein was contemplated by the Legislature when section 599 was enacted. Its purpose is to assist unemployed persons whether or not physically or mentally handicapped (unlike the OVR program contained in article 21 of the Education Law) to acquire vocational skills to improve their chance of obtaining employment. This is accomplished by permitting such persons to receive unemployment insurance benefits even though they are in regular attendance at a vocational training course or a course in basic education skills approved by the Commissioner. We do not feel that there was an abuse of discretion in not approving the course pursued by the claimant. The unreported decision of the appeal board relied on by claimant, holding that an individual enrolled in a course at a State hospital to become a registered nurse was attending a course in vocational training (he had been a "medic" in the armed services), is not controlling. In this regard, we refer to *Matter of Kroposki (Levine)* (40 AD2d 759), wherein enrollment in law school was ruled a nonvocational course of study under section 599, and to *Matter of Errico (Levine)* (43 AD2d 906), where a college course leading to a Bachelor of Business Administration Degree was held not to constitute vocational training. The decision of the board is essentially a determination of fact and, since there is a rational basis for it, it should not be disturbed. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.