■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DALE MYERS, Appellant.—Appeal from a judgment of the County Court of Madison County, rendered October 10, 1974, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree. On this appeal defendant raises two issues urging reversal, neither of which has merit. Initially, defendant asserts that the prosecution's interjection of the uncharged crime of sale of controlled substances constituted reversible error. We find no prejudice to defendant from a reference by the investigator that the substance, weighing one pound and one ounce, found packaged as it was into "lids", would be for the purpose of resale. Nor was the reference to "making money selling marijuana" by the prosecution on his cross-examination of defendant prejudicial error. Defendant also contends that the prosecutor made prejudicial remarks in his summation concerning his personal knowledge of defendant's guilt and ascribing to defendant's prior counsel the knowledge of defendant's guilt. Defendant had testified on cross-examination in answer to a question as to why his prior counsel had resigned that he resigned because he thought defendant was guilty. The prosecution's comment on the withdrawal of defendant's counsel in his summation, therefore, lacked the prejudicial content of a claim of personal knowledge " 'that defendant's counsel * * * had become convinced of his client's guilt', as was the situation in *People v Tassiello* [300 NY 425, 430]" *(People v Broady,* 5 NY2d 500, 515). Furthermore, no objection was made to the prosecution's remarks and, assuming error, we conclude it was not prejudicial on this record. *(People v Crimmins,* 36 NY2d 230.) Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of JOSHUA WALLACE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 1975, which, upon reconsideration of a prior decision, found claimant ineligible to receive benefits because he was unavailable for employment. Availability for employment is a factual issue to be determined by the board *(Matter of Pantel [Catherwood],* 35 AD2d 681). Upon this entire record, considering the fact that claimant's attendance at college severely restricted his job efforts, there is substantial evidence to support the determination of the board. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.