■ In the Matter of the Claim of EMON DAWKINS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1992, which, upon reconsideration, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.

There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that claimant was unavailable for employment. As the Board noted, he was attending a full-time vocational training program Mondays through Fridays from 9:00 A.M. to 5:00 P.M. and taking graduate courses in computer science on weekends (see, Matter of Richman [Ross], 67 AD2d 746, lv denied 46 NY2d 711; Matter of Wallace [Levine], 51 AD2d 608). In addition, while he claimed he was seeking work, he testified that he was handicapped due to a back injury and that he required a position with a flexible work schedule (where he could alternate among sitting, standing and walking) and that no employer would hire him if he disclosed his medical condition. He also stated that he was therefore looking to become self-employed. Based on these facts there was substantial evidence to support the Board's conclusion that claimant was also not available for employment because he had decided that he could not undertake conventional employment (see, Matter of McDonald [Catherwood], 33 AD2d 594). There was also no abuse of discretion in the denial of claimant's request for approval of vocational training pursuant to Labor Law § 599 (see, Matter of Weiss [Levine], 50 AD2d 977). The decision in this regard was essentially one of fact and there is a rational basis for the Board's conclusion that the employment opportunities for which claimant was fitted by training and experience were not substantially impaired (see, supra).

Yesawich Jr., J. P., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.