■ In the Matter of the Claim of CARMEN A. KERN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [628 NYS2d 841] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1993, which ruled that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599 (2).

Claimant filed for unemployment insurance benefits effective April 15, 1991 and received such benefits until approximately October 21, 1991. Thereafter, claimant applied for and received benefits under the Emergency Unemployment Compensation Program (hereinafter EUC benefits) until August 9, 1992. On or about June 10, 1992, while receiving EUC benefits, claimant appeared at the local unemployment insurance office and inquired about the possibility of enrolling in a training program at a local vocational school. Claimant's course of study was to run from June 22, 1992 to December 18, 1992. Although claimant's request for vocational training was approved, she subsequently was notified that effective August 10, 1992 she was not eligible for additional benefits pursuant to Labor Law § 599 (2) (a).

Following the requested hearing, the Administrative Law Judge (hereinafter ALJ) overruled the finding of ineligibility after finding that the local office's interpretation of Labor Law § 599 (2) (a) was unfair to claimant. The Commissioner of Labor appealed and the Unemployment Insurance Appeal Board reversed the ALJ's determination, finding that because claimant neither applied for nor was accepted in an approved training program prior to the expiration of her regular unemployment insurance benefits, she was not eligible to receive additional benefits under Labor Law § 599 (2) (a). This appeal by claimant followed.

Labor Law § 599 (2) (a) provides, in relevant part, as follows: "Notwithstanding any other provision of this chapter, a claimant attending an approved training course or program under this section may receive additional benefits of up to [104] effective days following exhaustion of regular and, if in effect, any other extended benefits, provided that entitlement to a new benefit claim cannot be established. * * * The duration of such additional benefits shall in no case exceed *twice the number of effective days of regular benefits to which the claimant is entitled at the time the claimant is accepted in, or demonstrates application for[,] appropriate training*" (emphasis supplied). The Commissioner contends that a plain reading of the statute reveals that in order for a claimant to be entitled to additional benefits under Labor Law § 599 (2) (a), he or she must be accepted in, or demonstrate application for, an approved training program while he or she still is receiving regular unemployment benefits. We agree. The current version of the statute, its predecessors (*see, e.g.,* L 1987, ch 457; L 1990, ch 233) and the various legislative memoranda (*see, e.g.,* Mem of Dept of Labor, 1987 McKinney's Session Laws of NY, at 2475; Mem of Dept of Labor, 1990 McKinney's Session Laws of NY, at 2391) all support the Board's determination in this matter. Accordingly, the Board's decision must be affirmed. Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.