■ In the Matter of the Claim of GAYLE S. RASKIN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 238] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1995, which ruled, *inter alia*, that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599 (2).

Claimant was receiving unemployment insurance benefits and, upon enrolling in an educational training course, sought additional benefits pursuant to Labor Law § 599. Although claimant was initially denied additional benefits on the ground that the facility in which she enrolled was not properly licensed (*see*, Labor Law § 599 [1]), an Administrative Law Judge (hereinafter ALJ) overruled that decision and deemed claimant eligible for the additional benefits. While an appeal of that decision was pending, the Commissioner of Labor sought to deny claimant the additional benefits on the basis that claimant was not regularly attending the vocational course (*see*, Labor Law § 599 [2]). At the hearing on this issue, the ALJ expressed concern that a decision would interfere with the pending appeal and, therefore, in accordance with the decision being appealed, granted claimant the additional benefits.* The Unemployment Insurance Appeal Board, finding that the concerns expressed by the ALJ were unjustified, overruled the decision and found claimant ineligible to receive the additional benefits due to, *inter alia*, her lack of attendance. Claimant appeals from this decision.

Initially, we note that a decision regarding claimant's eligibility for additional benefits based on her attendance in the program would not interfere with the Board's final decision regarding the licensing and approval of the facility. Whether a facility is a competent and reliable agency and whether a claimant is in regular attendance in a vocational course are two distinct factors to be considered in determining whether a claimant is eligible for additional benefits (*see*, Labor Law § 599 [1] [c]; [2] [a]). In any event, Labor Law § 599 (2) (a) requires that an applicant must be "attending" an approved

---

* Ultimately, it was determined that the facility was not properly licensed and, therefore, the additional benefits were unavailable to claimant.

course and requires "continued satisfactory participation and progress in such training course". Inasmuch as it is undisputed that claimant was not attending the computer course, albeit due to lack of funds, we find that the Board's decision is supported by substantial evidence and, accordingly, it is affirmed (*see, Matter of Kern [Sweeney]*, 216 AD2d 769).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.