■ In the Matter of the Claim of DAVE GIGLIO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [661 NYS2d 892] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 1996, which, inter alia, denied claimant's request for approval of vocational training.

Claimant worked as an electrical engineer at Griffiss Air Force Base in the City of Rome, Oneida County, for nine years. He lost his job when his employer left the area. Thereafter, in August 1995, claimant enrolled in a course of study at Syracuse Law School to become a patent attorney. In April 1996, he made a request for approval of vocational training under Labor Law § 599. The local unemployment insurance office denied the request and found claimant ineligible to receive unemployment insurance benefits because he was not available for employment. These determinations were sustained by an Administrative Law Judge following a hearing and upheld by the Unemployment Insurance Appeal Board on appeal. This appeal by claimant followed.

We affirm. Labor Law § 599 preserves a claimant's eligibility for unemployment insurance benefits during the "claimant's regular attendance in a program of training which the commissioner has approved" (Labor Law § 599 [1]). The Commissioner, however, may not approve such training unless, among other things, "the training will upgrade the claimant's existing skill or train the claimant for an occupation likely to lead to more regular long term employment" (Labor Law § 599 [1] [a] [1]) or "employment opportunities for the claimant are or may be substantially impaired because of * * * existing or prospective conditions of the labor market in the locality or in the state or reduced opportunities for employment in the claimant's occupation or skill" (Labor Law § 599 [1] [a] [2] [i]).

Based upon our review of the record, we find that neither of the above criteria apply to the circumstances at hand. Claimant testified vaguely that, based upon his own job search, he found that few engineering jobs were available in the Syracuse-Utica area. He stated that he found one job listing for a patent attorney. Without providing any substantiating facts or figures, claimant gave his opinion that the job prospects for patent attorneys were greater than for engineers.

The Department of Labor representative, on the other hand, testified as to the results of research conducted by the Department of Labor as to job availability in the Mohawk Valley Region. According to her, the projected employment for electrical engineers and attorneys was approximately the same, with neither a significant increase nor decline in growth in either field. In addition, she stated that she looked into listings with the Department of Labor's job service and found only two listings for patent attorneys, but nine listings for electrical engineers. In view of the foregoing, we find no abuse of discretion in the denial of claimant's request for approval of vocational training pursuant to Labor Law § 599 (*see, Matter of Dawkins [Hudacs]*, 187 AD2d 805, *appeal dismissed, lv dismissed* 81 NY2d 989). We have considered claimant's remaining contentions and find them to be unavailing.

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.