In the Matter of the Claim of DENNIS ALDUEN, Appellant. COMMISSIONER OF LABOR, Respondent. [809 NYS2d 603]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2005, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive additional unemployment benefits pursuant to Labor Law § 599 (1).

Claimant was employed as a paralegal for 15 years and, after losing his job at a law firm, decided to enroll at a community college. In October 2004, he applied for career training benefits pursuant to Labor Law § 599 (1). Although he stated on the application that he intended to complete a program in paralegal studies, he was unable to enroll in such program until January 13, 2005. In the meantime, he was accepted at the college as a general studies major. After various proceedings, the Unemployment Insurance Appeal Board denied his application for career training benefits and adhered to this decision upon reconsideration. Claimant now appeals.

The benefits at issue are governed by Labor Law § 599 (1)

which provides, in pertinent part, that a training program will not be approved unless "the training will upgrade the claimant's existing skill or train the claimant for an occupation likely to lead to more regular long term employment" or "employment opportunities for the claimant are or may be substantially impaired because of . . . existing or prospective conditions of the labor market . . . or reduced opportunities for employment in the claimant's occupation or skill" (Labor Law § 599 [1] [a] [1], [2]; *see Matter of Giglio [Sweeney]*, 242 AD2d 844, 844 [1997]). Initially, it is doubtful that the paralegal program would upgrade claimant's skills so as to make him more marketable given his substantial prior experience actually working in the field. The same may be said of the general studies program, which is not designed to train him for a special occupation. Likewise, there is a lack of proof establishing the substantial impairment of claimant's employment opportunities. At the administrative hearing, the Department of Labor presented statistical evidence establishing the considerable projected growth of jobs in the paralegal and legal assistant fields, both in New York and across the country, in the coming years. In view of the foregoing, we find that substantial evidence supports the Board's decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.