■ In the Matter of the Claim of CASEY B. SCHRODER, Appellant. COMMISSIONER OF LABOR, Respondent. [834 NYS2d 336]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 2006, which ruled that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599.

While receiving regular unemployment insurance benefits, claimant applied for career training benefits pursuant to Labor Law § 599 for the purpose of attending community college in an individual studies program and earning an Associate's degree. In a subsequent application, claimant requested additional benefits, indicating that she had changed her major to office technology and intended to earn an Associate's degree in Applied Science and become an administrative assistant. After various proceedings, the Unemployment Insurance Appeal Board denied her applications. Claimant appeals.

We affirm. In order to be eligible for additional training benefits pursuant to Labor Law § 599, a claimant must attend an approved training course or program "clearly leading to the

qualifications or skills for a specific occupation" (12 NYCRR 482.2 [b]; *see Matter of Romain [Commissioner of Labor]*, 8 AD3d 869, 870 [2004]). The statute provides that such training may not be approved unless it "will upgrade the claimant's existing skill or train the claimant for an occupation likely to lead to more regular long term employment" (Labor Law § 599 [1] [a] [1]; *see Matter of Alduen [Commissioner of Labor]*, 26 AD3d 579, 580 [2006]) or unless there is a substantial impairment of the claimant's occupational employment opportunities because of conditions in the labor market (*see* Labor Law § 599 [1] [a] [2]). Given that claimant's individual studies program did not lead to a specific occupational goal, it did not meet the statutory requirements and the Board properly denied her applications (*see Matter of Wasserman [Commissioner of Labor]*, 251 AD2d 883, 884 [1998], *lv denied* 92 NY2d 815 [1998]). Based on the available occupational projections for employment opportunities for administrative assistants, the Board reasonably found that training in this field would not likely lead to more regular long-term employment for claimant (*see Matter of Giglio [Sweeney]*, 242 AD2d 844, 844-845 [1997]).

In any event, a claimant will not receive benefits under Labor Law § 599 unless he or she has been accepted in or has applied for an approved training program while still receiving regular unemployment benefits (*see Matter of Yard [Commissioner of Labor]*, 20 AD3d 644, 645 [2005]; *Matter of Haydenn [Commissioner of Labor]*, 278 AD2d 652, 653 [2000]). In this case, claimant's application based on her new major of office technology was submitted after her regular unemployment insurance benefits were exhausted, rendering her ineligible for the additional benefits. Under the circumstances, we conclude that the decision of the Board is supported by substantial evidence.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.