■ In the Matter of the Claim of LYNNE I. SCHUMER, Appellant. COMMISSIONER OF LABOR, Respondent. [843 NYS2d 713]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 2006, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599.

After losing her job as a medical assistant, claimant received unemployment insurance benefits for 26 weeks ending January 15, 2006. While she was receiving benefits, she applied for admission to a licensed practical nursing program and, in October 2005, filed an application with the Department of Labor for additional benefits under Labor Law § 599. In December 2005, she was accepted into the nursing program and filed an updated application for section 599 additional benefits in January 2006, about 10 days after her regular benefits had expired. The Unemployment Insurance Appeal Board upheld the denial of her application for additional benefits and this appeal ensued.

Labor Law § 599 provides an avenue whereby a claimant who participates in an approved training program may be eligible for additional unemployment insurance benefits after his or her regular benefits are exhausted (*see* Labor Law § 599 [2] [a]; 12 NYCRR 482.2). The statutory language limits the duration of additional benefits to "twice the number of effective days of regular benefits to which the claimant is entitled at the time the claimant is accepted in, or demonstrates application for appropriate training" (Labor Law § 599 [2] [a]). Given this language, we have previously held that "in order for a claimant to be entitled to additional benefits under Labor Law § 599 (2) (a), he or she must be accepted in, or demonstrate application

for, an approved training program while he or she still is receiving regular unemployment benefits" (*Matter of Kern [Sweeney]*, 216 AD2d 769, 770 [1995]; *see Matter of Schroder [Commissioner of Labor]*, 38 AD3d 1142, 1143 [2007]; *Matter of Yard [Commissioner of Labor]*, 20 AD3d 644, 645 [2005]).

In this case, the Board, relying on its regulation which defines the phrase "demonstrates application for appropriate training," further narrowed the requirements for additional benefits and held that claimant could not submit her application for additional benefits until she had actually been accepted into the nursing program. The term "[d]emonstrates application for appropriate training" is defined as "the date on which the claimant applied in writing for an approved training course which *accepted* the claimant and was approved for the claimant" (12 NYCRR 482.2 [e] [emphasis added]). The Board interprets this regulation to require that, in order for a claimant to apply for Labor Law § 599 additional benefits, he or she must already be accepted in an approved training program. Inasmuch as we find the Board's interpretation of its regulation to be rational and reasonable, we will uphold it (*see Matter of Ford [Commissioner of Labor]*, 12 AD3d 955, 955-956 [2004]).

Thus, claimant's October 2005 application did not meet the requirements of 12 NYCRR 482.2 (e) in that it was submitted to the Department before she had been accepted into the nursing program. Notably, claimant was actually accepted into the nursing program and so notified by letter dated December 20, 1995. Thus, she had ample time to submit her application for additional benefits prior to the exhaustion of her regular benefits on January 15, 2006. Claimant's January 26, 2006 updated application—even though it properly reflects her acceptance in the nursing program—was filed too late in that it was filed after her regular benefits had expired (*see Matter of Schroder [Commissioner of Labor]*, 38 AD3d at 1143; *Matter of Yard [Commissioner of Labor]*, 20 AD3d at 645).

Accordingly, we will not disturb the decision of the Board.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.