Matter of Simpson (Commissioner of Labor) (2018 NY Slip Op 00594)





Matter of Simpson (Commissioner of Labor)


2018 NY Slip Op 00594


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525070

[*1]In the Matter of the Claim of WAYNE C. SIMPSON, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Wayne C. Simpson, New York City, appellant pro se.
Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 2016, which ruled that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599.
In February 2015, claimant filed an application for unemployment insurance benefits. Although his application was initially denied and the denial was upheld by an Administrative Law Judge (hereinafter ALJ) following a hearing, the Unemployment Insurance Appeal Board later reversed the ALJ's decision and found that claimant was eligible to receive benefits. Claimant continued to certify for benefits while his administrative appeal was pending. In September 2015, following the issuance of the Board's decision, he was retroactively awarded 26 weeks of regular benefits in two lump-sum payments. These benefits were exhausted during the statutory week ending August 16, 2015.
Claimant wanted to enroll in a vocational program to become a barber and, on September 29, 2015, he filed an application for training benefits under Labor Law § 599. The Department of Labor did not approve his application, finding that claimant could not receive additional training benefits because his application was filed after his regular unemployment insurance benefits had been exhausted. Following extended proceedings, this determination was upheld by an ALJ and later by the Board. This appeal by claimant ensued.
We affirm. "Labor Law § 599 provides an avenue whereby a claimant who participates in an approved training program may be eligible for additional unemployment insurance benefits after his or her regular benefits are exhausted" (Matter of Schumer [Commissioner of Labor], 44 AD3d 1139, 1139 [2007]; see Labor Law § 599 [2] [a]; 12 NYCRR 482.2). However, in order to [*2]receive benefits under this statute, the claimant "must have been accepted into an approved program, or demonstrated an application for such a program, while still receiving regular unemployment benefits" (Matter of McFowler [Commissioner of Labor], 62 AD3d 1132, 1133 [2009]; see Matter of Schumer [Commissioner of Labor], 44 AD3d at 1139-1140; Matter of Schroder [Commissioner of Labor], 38 AD3d 1142, 1143 [2007]). Here, it is undisputed that claimant's regular unemployment benefits were exhausted more than a month before he filed his application for additional benefits under Labor Law § 599. In view of this, and in the absence of any legal authority excusing the delay, we find that substantial evidence supports the Board's decision.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.