Matter of Mullane (Commissioner of Labor) (2018 NY Slip Op 05646)





Matter of Mullane (Commissioner of Labor)


2018 NY Slip Op 05646


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]In the Matter of the Claim of JONATHAN MULLANE, Appellant. Commissioner of Labor, Respondent.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Jonathan Mullane, Miami, Florida, appellant pro se.
Barbara D. Underwood, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



MEMORANDUM AND ORDER COMMISSIONER OF
Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 2017, which ruled, among other things, that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599.
In August 2015, claimant filed a claim for and received unemployment insurance benefits effective August 3, 2015. In September 2015, he also received vocational training approval pursuant to Labor Law § 599 to attend New York University's Schack Institute of Real Estate in order to obtain a graduate degree in real estate, which he anticipated earning by May 31, 2017. On or about May 18, 2016, claimant's semester at New York University concluded; however, claimant continued to certify for, and received, weekly unemployment insurance benefits for the statutory weeks ending May 29 and June 5, 12, 19 and 26, 2016 and further attested that he was attending approved classes or training pursuant to Labor Law § 599. Following two July 2016 inquiries from the Department of Labor regarding his certifications, the Department issued initial determinations finding that claimant had made willful misrepresentations to obtain benefits and terminated, effective May 18, 2016, claimant's approval for career and related training pursuant to Labor Law § 599, charged claimant with a recoverable overpayment of $2,125, reduced his right to receive future benefits by 40 days and imposed a civil penalty of $318.75. Following a hearing, an Administrative Law Judge sustained the Department's initial determinations, and, upon administrative review, the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.
We affirm. "'Labor Law § 599 provides an avenue whereby a claimant who participates in an approved training program may be eligible for additional unemployment insurance benefits after his or her regular benefits are exhausted'" (Matter of Simpson [Commissioner of Labor], 158 AD3d 879, 880 [2018], quoting Matter of Schumer [Commissioner of Labor], 44 AD3d 1139, 1139 [2007]; see Labor Law § 599 [2] [a]; 12 NYCRR 482.2). In order to be eligible for additional training benefits pursuant to Labor Law § 599, a claimant must attend an approved training course or program clearly leading to the qualifications or skills for a specific occupation (see 12 NYCRR 482.2 [b]; Matter of Schroder [Commissioner of Labor], 38 AD3d 1142, 1142-1143 [2007]; Matter of Romain [Commissioner of Labor], 8 AD3d 869, 870 [2004]; Matter of Wasserman [Commissioner of Labor], 251 AD2d 883, 884 [1998], lv denied 92 NY2d 815 [1998]), and certification of continued satisfactory participation and progress in the approved training course or program must be submitted to the Commissioner of Labor prior to the payment of any such benefits (see 12 NYCRR 482.5 [b]).
At the time that claimant received his conditional training approval notice, claimant was advised that, in order to maintain his eligibility for additional unemployment insurance benefits under Labor Law § 599, he was required to, among other things, inform the Department of Labor of any change to his training facility or program, occupational goals, training completion date or the number of hours spent in training within seven days of the date that he became aware of said change. While claimant's approved coursework at New York University concluded on May 18, 2016, claimant testified that he received an extension to continue working on his coursework into June 2016. Despite having received and read the notice and its conditions, claimant failed to notify the Department that he did not timely complete his approved coursework or that he received an extension to do so and failed to submit documentation showing that he had received such an extension. The record further reflects that claimant attended and completed a summer course offered by Cornell University in June 2016, yet he failed to notify the Department of this new course and program within seven days of registering for it at the end of April or beginning of May 2016 and did not seek the proper approval to enroll in the summer course. Inasmuch as claimant failed to inform the Department or seek its approval to take the at-issue coursework beyond May 18, 2016, substantial evidence supports the Board's determination that claimant was ineligible to receive benefits pursuant to Labor Law § 599 for the time period at issue (cf. Matter of Gleason-Rose [Commissioner of Labor], 76 AD3d 732, 733 [2010]; Matter of Vasquez [Commissioner of Labor], 42 AD3d 622, 623 [2007]; see generally Matter of Schroder [Commissioner of Labor], 38 AD3d at 1143; Matter of Delgado [Commissioner of Labor], 10 AD3d 840, 840-841 [2004]).
In light of the Board's determination that claimant was ineligible to receive benefits after May 18, 2016, substantial evidence also supports the Board's determination that claimant made willful misrepresentations to obtain benefits when he certified five times for weekly unemployment insurance benefits between May 29, 2016 and June 26, 2016 and attested that the coursework that he was taking during that time period was approved pursuant to Labor Law § 599 (see Matter of Schneider [Commissioner of Labor], 158 AD3d 882, 882-883 [2018]; Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [2017]). Accordingly, recoverable overpayments, forfeiture and the civil monetary penalty were permitted, and we find no reason to disturb the Board's imposition of such penalties (see Labor Law § 594 [1], [4]; Matter of Casiano [Commissioner of Labor], 108 AD3d 892, 894 [2013]; Matter of Monserrate [Commissioner of Labor], 102 AD3d 1046, 1047 [2013]).
Devine, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.